IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERIC NELSON BERTRAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:09-cv-02255-JHH-JEO |
| | ) |
| JOE SAVAGE, WARDEN, FCI TALLADEGA, ET AL., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

The petitioner has filed this action alleging that he is being illegally detained because the United States Parole Commission (hereinafter "the Commission") has violated its rules and his constitutional right to due process. (Doc. 1). The respondents have filed a response to the same. (Doc. 4). They allege, *inter alia*, that it is due to be dismissed or stayed due to the pendency of a previously filed petition in the United States District Court for the Eastern District of Texas that also challenges his incarceration. The court agrees.

**I.   BACKGROUND**

The petitioner was sentenced in 1982 to ten years incarceration for making a false statement in acquiring a firearm and for being a felon in possession of a weapon. He was paroled in 1984. (Ex. 1[1] (Doc. 4-1)[2] at 10, 19-20 of 20). On March 23, 1987, he was convicted in the United States District Court for the Northern District of Texas on another firearms offense and

---

[1] References herein to "Ex. ___" are to the exhibits submitted by the respondents and located at document 4 in the court's file.

[2] References herein to "Doc. ___" are to the electronic file numbers located at the top of each document in the court's file. The page numbers are references to the page numbers assigned by the electronic filing system and located at the top of each document.

sentenced to 45 years incarceration after being convicted of postal fraud, possession of an unregistered firearm, illegal manufacture of a firearm, and committing an offense while released on bond. (Ex. 1 & 2 (Doc. 4-2 at 2 of 2)).

The petitioner was released on parole, and revoked twice before his final release on December 5, 2000. (Ex. 3) (Doc 4-3)). On November 20, 2006, his supervising officer notified the Commission that he once again had violated the conditions of his release by illegally possessing a firearm with altered serial numbers. A warrant was issued and the petitioner was arrested on January 8, 2007, in Sherman Texas. (Ex. 5 (Doc. 4-5) at 6 of 6). He had a preliminary interview to determine probable cause on the allegations. (Ex. 6 (Doc. 4-6)). Probable cause was found by the reviewer. (Ex. 8 (Doc. 4-8)). On April 19, 2007, the Commission conducted a combined 5-year early termination hearing and a parole revocation hearing in his case in Muskogee, Oklahoma. (Ex. 9 (doc. 4-9)). The petitioner was found to have violated the terms of his release and his parole was revoked. (*Id*. at 7 of 7). The Commission issued a Notice of Action ("NOA") on May 21, 2007, Revoking his parole and continuing him to a fifteen year reconsideration hearing in April 2022. (Ex. 10 (Doc. 4-10)). He was further scheduled for a statutory interim hearing in April 2009. (*Id*. at 3 of 4).

The petitioner was subsequently convicted in the Eastern District of Oklahoma on the charge of being a felon in possession of a firearm. He was sentenced on January 28, 2008, to a 51-month custodial sentence. (Ex. 11 (Doc. 4-11 at 3 of 4)).

In July 2009, the petitioner filed a petition in this court, purportedly pursuant to 28 U.S.C. § 2241, challenging his Texas convictions in the 1980s. (Ex. 12 (Doc. 4-12) & 13 (Doc. 4-13)). Determining that the petition was in fact a challenge pursuant to 28 U.S.C. § 2255, this court

dismissed the same without prejudice to the petitioner's right to refile the same in Texas. (*Id.*) The petitioner appealed this court's determination to the Eleventh Circuit Court of Appeals. That court denied his application for a certificate of appealability. (*Bertram v. Warden Constance Reese*, 1:09-cv-01527-VEH-JEO at Doc. 13).

On April 25 2008, the petitioner filed a "Writ of Habeas Corpus" in the United States District Court for the Eastern District of Texas, as he was then incarcerated at the Federal Correctional Complex in Beaumont, Texas. (Ex. 14 (Doc. 4-14) (*Bertram v. Jody R. Upton, Warden, et al.*, 1:08-cv-0222-MAC-KFG)). As of the date of this order, the petitioner remains pending in that court. (CM/ECF Live dated 11/15/2010).

On November 5, 2009, the petitioner filed the present petition with this court, pursuant to § 2241. (Doc. 1). He is presently incarcerated that the Federal Correctional Institution in Talladega, Alabama. The court required the respondents to appear and show cause why the requested relief should not be granted. They filed a response, asserting, *inter alia*, that the court should abstain from deciding the issues raised herein pending a determination of the habeas petition filed in the Northern District of Texas. (Doc. 4 at 6-7). The petitioner has been afforded an opportunity to respond to the same.

**II.    DISCUSSION**

It is a well-settled precept that a federal court generally should not permit a party to prosecute parallel proceedings concerning the same matter. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976) (noting the proper constitutional adjudication of state matters by the federal courts includes considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and

comprehensive disposition of litigation") (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 221 (1952)). As noted by the respondents, "[a]lthough no precise rule has evolved for abstention as between federal district courts, the general principle is to avoid duplicative litigation." (Doc. 4 at 8 of 26) (citing *id.*; *Steelman v. All Continent Corp.*, 301 U.S. 278, 57 S. Ct. 705 (1937); *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 165 (1936)). "This enables the efficient use of judicial resources and prevents the possibility of conflicting results." (Doc. 4 at 8 of 26). It also precludes a petitioner from forum shopping. *See Pumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S. Ct. 2711 (2004) (noting the important purpose of preventing forum shopping by habeas petitioners).

     The court finds that this action is due to be dismissed without prejudice due to the pendency of the Texas case for a number of reasons. First, the petitioner initiated the Texas case before filing this action. He should not be permitted to maintain a second action simultaneously. Allowing this matter to proceed would encourage duplicate filings, waste judicial resources, and create the possibility of conflicting results. Second, the issues raised in this petition are duplicate of the previously filed case. The court has reviewed the § 2241 petitions in both actions. The wording in both is similar and the claims raised are largely repetitive. Third, allowing the pending petition to proceed would encourage forum shopping by petitioners. The issues in the Texas case have been fully briefed and are pending a final ruling. The petitioner cannot be permitted to pick and choose a forum at his whim. His conduct has required the court and the respondents to expend limited resources unnecessarily as the Texas court is the proper forum for addressing his claims in this instance.

     The court declines to stay this action pending a decision by the Texas court. To do so

only encourages petitioners to file multiple cases. Additionally, the court finds no undue prejudice to the petitioner under the circumstances.

### III. CONCLUSION

Premised on the foregoing, the court finds that the present action is due to be dismissed without prejudice. An appropriate order will be entered.

**DONE** this the __15th__ day of November, 2010.

*James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE